Dear Chair Block
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect:
 Does the Oklahoma Child Death Review Board have the authority to obtain investigative records of the Oklahoma State Bureau of Investigation?
¶ 1 The Child Death Review Board (the "Review Board") was created by the Oklahoma Legislature with the power and duty, among other things, to "[c]onduct case reviews of deaths of children in this state." 10 O.S. Supp. 1995, § 1150.2[10-1150.2](A)(1). To do so, it has been given the authority to:
 6. Request and obtain a copy of all records and reports pertaining to a child whose case is under review including, but not limited to:
a. the medical examiner's report,
b. hospital records,
c. school records,
d. court records,
e. prosecutorial records,
 f. local, state, and federal law enforcement records, including, but not limited to, the Oklahoma State Bureau of Investigation (OSBI),
g. fire department records,
 h. State Department of Health records, including birth certificate records,
i. medical and dental records,
 j. Department of Mental Health and Substance Abuse Services and other mental health records,
k. emergency medical service records, and
l. Department of Human Services' files.
 Confidential information provided to the Board shall be maintained by the Board in a confidential manner as otherwise provided by state and federal law;
 7. All information, documents and records in the possession of the Board shall be confidential and not subject to subpoena or discovery in any civil or criminal proceedings; provided, however, information, documents and records otherwise available from other sources shall not be exempt from subpoena or discovery through those sources solely because such information, documents and records were presented to or reviewed by the Board[.]
10 O.S. Supp. 1995, § 1150.2[10-1150.2](B) (emphasis added).
¶ 2 Generally, records of the Oklahoma State Bureau of Investigation (the "OSBI") must be kept confidential and cannot be disclosed to "any other person or agency." 74 O.S. Supp.1995, § 150.5[74-150.5](D). In the case of the Review Board, the Legislature has enacted a specific grant of authority, consistent with the duties of the Review Board and the goal of the State to investigate and disclose child abuse and neglect, for the Review Board to obtain OSBI records. Our task is to determine legislative intent of Section 1150.2 in light of its purpose.TXO Production Corporation v. Oklahoma Corporation Commission,829 P.2d 964, 968-9 (Okla. 1992). The Legislature expressed its intent in 10 O.S. Supp. 1995, § 1150.2[10-1150.2](B)(6)(f), that the confidentiality of OSBI records does not apply to the Review Board acting within the scope of its investigatory duties. Nevertheless, the Review Board must maintain the confidentiality of records its obtains from the OSBI except as specifically otherwise authorized. 10 O.S. Supp. 1995, § 1150.2[10-1150.2](B)(6).
¶ 3 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Child Death Review Board has the authority to obtain investigative records of a child whose death is under its review from the Oklahoma State Bureau of Investigation. 10 O.S. Supp. 1995, § 1150.2(B)(6). While the Review Board has the authority to obtain such records, it must maintain the confidentiality of any confidential records it obtains. Id. 74 O.S. Supp. 1995, § 150.5(D).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL